IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

JESSICA TUCK,

    Plaintiff,

v.

MELANIE METCALF, M.D., PLAN DE SALUD DEL VALLE, INC. D/B/A SALUD FAMILY HEALTH CENTERS, AND THE UNITED STATES OF AMERICA,

    Defendants.

## COMPLAINT

Plaintiff, Jessica Tuck, submits the following Complaint:

### Certificate of Review

Pursuant to C.R.S. § 13-20-602(3)(a), counsel certifies as follows:

Counsel has consulted with a physician with expertise in the areas of the alleged negligent conduct as set forth in Plaintiffs' Complaint; and,

The physician who has been consulted have reviewed all known facts relevant to the allegations of negligent conduct as complained of in Plaintiffs' Complaint; and,

Based upon such facts, this physician has concluded that the filing of the claims against Defendants do not lack substantial justification within the meaning of C.R.S. § 13-17-102(4); and,

The physician who has reviewed all known facts relevant to the allegations of negligent conduct as contained in Plaintiffs' Complaint for Damages meets the requirements set forth in C.R.S. § 13-64-401.

**Parties, Jurisdiction, and Venue**

1. This case involves a federal question under 28 U.S.C. § 1331. It is brought under the Federal Tort Claims Act pursuant to 28 U.S.C. § 2671, *et seq.* because the Defendant, Plan de Salud Del Valle, Inc. d/b/a Salud Family Health Centers ("Salud"), is a Federally Deemed Health Center.

2. Plaintiff has satisfied the jurisdictional prerequisite of 28 U.S.C. § 2675(a) by timely filing administrative claims against the United States on October 28, 2020, within two years of the date when she discovered she had been injured due to the negligence of the Defendants.

3. On June 15, 2021, the United States denied Plaintiff's claim.

4. Jurisdiction in this Court is appropriate pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*, 28 U.S.C. § 1346(b)(1), and 28 U.S.C. § 1367.

5. Jurisdiction in this Court is also appropriate under diversity of citizenship, 28 U.S.C. § 1331, because the amount in controversy exceeds $75,000. Plaintiff is a citizen and resident of the state of Tennessee and Defendant Metcalf was a citizen and resident of the State of Colorado when the injury occurred.

6. Venue is proper because the negligence of the agents and employees of the Defendant United States of America occurred within the State and District of Colorado.

7. Defendant Melanie Metcalf, M.D. is a family practice physician, licensed to practice in the State of Colorado. At all times relevant to this case, she held herself out to the public as competent, careful, and experienced in the practice of family medicine.

8. In October and November of 2017, Defendant Metcalf was an employee and/or agent of Salud and was acting within the course and scope of her employment.

**General Allegations**

9. This is a medical negligence case relating to failure to diagnose breast cancer. Defendant Metcalf felt a lump in Jessica Tuck's breast, but completely failed to get Jessica the cancer treatment that she needed.

10. Jessica Tuck was a patient of Dr. Melanie Metcalf at Salud Family Health Center in Commerce City, Colorado.

11. Jessica was evaluated by Dr. Metcalf on October 3, 2017, for a physical and a Pap smear.

12. Dr. Metcalf performed a breast examination and noted a lump in Jessica's upper outside quadrant in her right breast.

13. Dr. Metcalf told Jessica it was probably just fibroadenoma and said that she shouldn't worry about it.

14. According to the medical records, Dr. Metcalf ordered ultrasound imaging for the breast lump.

15. Dr. Metcalf, however, never made arrangements for the ultrasound to be performed.

16. Neither Dr. Metcalf, nor anyone from Salud, contacted Jessica to schedule the ultrasound.

17. Jessica never received a breast ultrasound.

18. Jessica saw Dr. Metcalf again on November 21, 2017, for a follow up examination. Dr. Metcalf made no reference to her prior breast exam, her prior order for an ultrasound, or further examination of Jessica's breasts.

19. When Jessica asked about the breast lump at her November 21st appointment, Dr. Metcalf told her it was nothing to worry about, and never followed through on her ultrasound order.

20. On November 9, 2018, Jessica saw another physician, Dr. Bhavani Chillara, for her annual checkup.

21. Dr. Chillara noted that Jessica was presenting with a lump in her right breast x 1 year, and that she had seen her Primary Care Provider (Dr. Metcalf), who was supposed to get imaging ordered, but it was not done.

22. During her breast exam of Jessica, Dr. Chillara noted a palpable mass in the right upper quadrant of her right breast, 2-3 cm, with defined margins and firm consistency.

23. This represented a doubling or tripling in the size of the mass in the year since Jessica had seen Dr. Metcalf.

24. Dr. Chillari ordered a mammogram for Jessica with computer assisted detection, along with the same ultrasound of her right breast that Dr. Metcalf had ordered but never had performed a year earlier. Both were performed on December 14, 2018.

25. The mammogram showed a 3.2 x 2.0 cm speculated oval mass within the outer upper posterior aspect of Jessica's right breast. The right breast ultrasound confirmed a solid mass measuring 2.7 cm x 2.0 cm x 3.3 cm "which is highly suspicious for malignancy." More ominously, the ultrasound also confirmed lymph node involvement of 2 right axillary nodes that were "highly suggestive of malignancy."

26.     A biopsy of Jessica's breast mass and right axillary lymph nodes was ordered.

27.     Jessica underwent an ultrasound-guided breast biopsy on December 19, 2018, which was positive for breast cancer with lymph node involvement.

28.     Jessica's claim accrued on or after December 18, 2018, when her mammogram and breast ultrasound confirmed that she had a mass in her right breast that was highly suspicious for malignancy.  However, it was not until her ultrasound-guided breast biopsy on December 19, 2018, that Jessica had a confirmed diagnosis of breast cancer with lymph node involvement.  December 19, 2018 is when Jessica Tuck first discovered that she had been injured and damaged due to the negligence of Dr. Metcalf, while she was an employee of Salud.

29.     On January 3, 2019, Jessica was evaluated at the Breast Surgery Clinic, where she was diagnosed with right breast invasive lobular cancer, Grade 2, with 50-55% positive ER; 50-60% positive PR; negative HER2; and 11-20% positive Ki67.

30.     Based on her examination, testing and imaging, Jessica was staged IIIA at Rocky Mountain Cancer Center.

31.     Had Jessica been properly evaluated and diagnosed by Dr. Metcalf a year earlier, when her lump was noted by Dr. Metcalf to be small (only 1 cm in size) and "highly mobile," she likely would have been clinically staged at IA and been treated with a lumpectomy without the need for neoadjuvant chemotherapy prior to surgery.

32.     Instead, due to the advancement of her breast cancer due to Dr. Metcalf's negligence, Jessica had to undergo extensive neoadjuvant therapy in an effort to halt the growth of her tumor and shrink it prior to surgery.  Jessica also had to undergo a radical double mastectomy and double breast reconstruction.

33.     Jessica continues to undergo follow-up treatment and care resulting from Dr. Metcalf's negligence while she was an employee of Salud, and will require future medical care for the rest of her life.

## First Claim for Relief
(Melanie, Metcalf, MD – *Medical Negligence*)

34.     Defendant Metcalf was responsible for the care and treatment of Jessica Tuck in October and November of 2017.

35.     With respect to her care and treatment of Jessica Tuck, Defendant Metcalf owed a duty to exercise that degree of care, skill, caution, diligence and foresight exercised and expected of physicians in similar situations.

36. Defendant Metcalf deviated from that standard and was negligent in her care and treatment of Jessica Tuck, including, but not limited to, the following:

   a. Failing to perform a complete and thorough examination of Jessica Tuck in October and November of 2017;

   b. Failing to ensure Jessica Tuck received a breast ultrasound in October and November of 2017;

   c. Failing to provide appropriate follow-up care to Jessica Tuck in October and November of 2017;

   d. Failing to provide reasonable care to Jessica Tuck.

37. As a direct and proximate result of Defendant Metcalf's negligence, Plaintiff suffered injuries, damages, and losses, including, but not limited to the following: past and future medical, hospital, and life care expenses; past lost wages; loss of future earning capacity; past and future loss of use of full mind and body; and past and future physical and mental pain and suffering, including loss of enjoyment of life.

### Second Claim for Relief
### (United States of America by and through Salud Family Health Center - *Respondeat Superior*)

38. At all times relevant hereto, Melanie Metcalf, M.D. was an employee and/or agent of the United States of America by and through Salud Family Health Center and was acting within the course and scope of her or employment.

39. Defendant United States of America is responsible for the negligent acts of the employees and/or agents, including Melanie Metcalf, M.D.

40. Employees and agents of the United States of America at Salud Family Health Center owed Jessica Tuck a duty to exercise that degree of skill, caution, diligence, and foresight exercised by and expected of physicians in similar situations.

41. Defendant Metcalf deviated from that standard of care and was negligent in the following ways:

   a. Failing to perform a complete and thorough examination of Jessica Tuck in October and November of 2017;

   b. Failing to ensure Jessica Tuck received a breast ultrasound in October and November of 2017;

      c. Failing to provide appropriate follow-up care to Jessica Tuck in October and November of 2017;

      d. Failing to provide reasonable care to Jessica Tuck.

42. As a direct and proximate result of Defendant Metcalf's negligence, Plaintiff suffered injuries, damages, and losses, including, but not limited to the following: past and future medical, hospital, and life care expenses; past lost wages; loss of future earning capacity; past and future loss of use of full mind and body; and past and future physical and mental pain and suffering, including loss of enjoyment of life.

## PRAYER FOR RELIEF

For these reasons, Plaintiff Jessica Tuck respectfully requests trial to the Court on the merits of her case, with entry of judgment in her favor against the Defendants in a fair and reasonable amount as shown by the evidence, together with interest and costs as allowed by law.

DATED: October 27, 2021.

LEVENTHAL PUGA BRALEY, P.C.

By: */s/ Bruce L. Braley*
Bruce L. Braley, Iowa Bar No.AT0001132
Brian N. Aleinikoff, PHV001246
Tim J. Luetkemeyer, PHV002249
950 S. Cherry St., Suite 600
Denver, CO 80246
Ph. 303-759-9945
Fax.303-759-9692
bbraley@leventhal-law.com
baleinikoff@leventhal-law.com
tluetkemeyer@leventhal-law.com