IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-02889-NYW

JESSICA TUCK,

    Plaintiff,

v.

THE UNITED STATES OF AMERICA,

    Defendant.

## ORDER

Magistrate Judge Nina Y. Wang

    This matter is before the court on (1) Defendant's Motion to Stay Discovery Pending Resolution of Motion to Dismiss (the "Motion to Stay") [Doc 27] and (2) Plaintiff's Motion for Expedited Trial Date Due to Medical Hardship Pursuant to Fed. R. Civ. P. 16 (the "Motion for Expedited Trial") [Doc. 29] (collectively, the "Motions"). The court considers the Motions pursuant to 28 U.S.C. § 636(c) and the Order of References for all purposes dated February 2, 2022. [Doc. 25]. Upon review of the Motions, the related briefing, and the applicable case law, the Motion to Stay is **GRANTED** and the Motion to Expedite Trial is **DENIED without prejudice**.

## BACKGROUND

    This medical-negligence case arises out of Dr. Melanie Metcalf's alleged failure to diagnose breast cancer in the course of treating Plaintiff Jessica Tuck ("Plaintiff" or "Ms. Tuck"). *See generally* [Doc. 22 at ¶ 9]. Ms. Tuck was seen by Dr. Metcalf at the Salud Family Health Center for a gynecological examination on October 3, 2017. [*Id.* at ¶ 11]. During a breast examination, Dr. Metcalf noted a lump in Ms. Tuck's right breast, but told Ms. Tuck that

it was likely "just fibroadenoma." [*Id.* at ¶¶ 12-13]. Dr. Metcalf ordered ultrasound imaging, but failed to make arrangements for the imaging or contact Ms. Tuck to schedule the ultrasound. [*Id.* at ¶¶ 15-16]. When Ms. Tuck was seen by Dr. Metcalf again several weeks later, Ms. Tuck asked Dr. Metcalf about the lump; Dr. Metcalf told her it was nothing to worry about and did not follow up on ultrasound imaging. [*Id.* at ¶ 19].

Approximately one year later, Ms. Tuck was seen by another physician, who ordered a mammogram after finding a two- to three-centimeter mass in Plaintiff's breast. [*Id.* at ¶¶ 20-24]. On December 19, 2018, Ms. Tuck was diagnosed with stage IIIA breast cancer with lymph node involvement. [*Id.* at ¶¶ 28, 30]. Ms. Tuck alleges that had Dr. Metcalf properly treated and diagnosed her a year earlier, her cancer likely would have been evaluated at stage IA and been treated with less invasive measures. [*Id.* at ¶ 31].

Plaintiff initiated this action on October 27, 2021 against Dr. Metcalf, Plan de Salud Del Valle, Inc., doing business as Salud Family Health Centers, and the United States of America. *See generally* [Doc. 1]. The case was directly assigned to the undersigned, and the court set a Scheduling Conference for January 5, 2022. [Doc. 3; Doc. 5]. On December 10, 2021, Dr. Metcalf and Salud Family Health Centers each filed a motion for an extension of time to respond to the Complaint, representing that they expected that the action would be deemed an action against the United States and that the United States would remain the sole Defendant in this action. *See* [Doc. 14 at ¶ 3; Doc. 15 at ¶ 3]. That same day, Plaintiff filed a motion to continue the Scheduling Conference and related deadlines allow time for the parties to determine whether "the United States will be the sole defendant in this case and to determine what counsel will be representing the Defendant(s) in this matter before conferring on the Proposed Scheduling Order

2

and Initial Disclosures." [Doc. 17 at 3]. This court granted the requested relief and re-set the Scheduling Conference to March 2, 2022. [Doc. 16; Doc. 18].

On February 1, 2022, Plaintiff filed an Amended Complaint, naming only the United States as a Defendant and raising one claim of medical negligence. [Doc. 22 at 1, 4]. On February 15, 2022, Defendant filed United States' Motion to Dismiss Amended Complaint Pursuant to Rule 12(b)(1) (the "Motion to Dismiss"), arguing that Plaintiff's claim should be dismissed for lack of subject-matter jurisdiction on the basis that the claim is barred by Colorado's statute of repose for medical negligence claims. [Doc. 26]. Defendant simultaneously filed the instant Motion to Stay, moving the court to stay discovery in this matter pending resolution of the Motion to Dismiss. [Doc. 27]. The court ordered expedited briefing on the Motion to Stay, *see* [Doc. 28], and the Motion is fully briefed. [Doc. 31; Doc. 33]. Additionally, on February 17, 2022, Ms. Tuck filed the Motion for Expedited Trial, representing that her prognosis has worsened and seeking an expedited bench trial date in the calendar year 2022. [Doc. 29]. Defendant responded in opposition to the Motion on February 25, 2022. [Doc. 34]. The court addresses the Parties' arguments below. *See* D.C.COLO.LCivR 7.1(d) ("Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed.").

## LEGAL STANDARD

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. March 30, 2006). Federal Rule of Civil Procedure 26 does, however, provide that "[a] party or any person from whom discovery is sought may move for a protective order," and the court may, "for good cause, issue an order to protect a party or person from

3

annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Whether to stay discovery is a matter left to the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Indeed, although the Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings, the power to stay "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kan. City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

In determining whether a stay is appropriate, the court weighs interests such as whether defendants are likely to prevail in the civil action; whether defendants will suffer irreparable harm; whether the stay will cause substantial harm to other parties to the proceeding; and the public interests at stake. *United Steelworkers of Am. v. Or. Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003). The court may also consider the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to the plaintiff of a delay, the burden on the defendants, and the convenience to the court (the "*String Cheese* factors"). *String Cheese Incident*, 2006 WL 894955, at *2 (citing *FDIC v. Renda,* No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)). Notably, courts in this District generally disfavor the stay of all discovery. *See Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007).

## ANALYSIS

Defendant seeks to stay discovery in the instant action pending resolution of its Motion to Dismiss, arguing that (1) discovery is not available where the court lacks jurisdiction; and (2) the *String Cheese* factors weigh in favor of a stay. [Doc. 27 at 3-7]. Plaintiff counters that a stay of discovery is improper. *See* [Doc. 31]. She asserts that (1) the issue presented in the Motion to

4

Dismiss—the application of Colorado's statute of repose—is not jurisdictional; and (2) the *String Cheese* factors cut against a stay. [*Id.* at 4-8].

I.      **The Basis of Defendant's Motion to Dismiss**

Defendant's Motion to Dismiss arises under Rule 12(b)(1) of the Federal Rules of Civil Procedure and argues that the court lacks jurisdiction over Plaintiff's claim because it was filed outside of Colorado's three-year statute of repose for medical negligence claims. *See* [Doc. 26 at 5]. Accordingly, Defendant argues that discovery should be stayed in this case pending the resolution of the Motion to Dismiss, as discovery is unavailable where the court lacks jurisdiction. [Doc. 27 at 3]. In response, Ms. Tuck argues that the statute of repose does not raise jurisdictional issues, and the court "therefore has the authority to let discovery to commence." [Doc. 31 at 5].

"A statute of repose . . . puts an outer limit on the right to bring a civil action," which limit is measured "from the date of the last culpable act or omission of the defendant." *CTS Corp. v. Waldburger*, 573 U.S. 1, 8 (2014). Although a statute of repose is related to a statute of limitations, the two differ in meaningful ways: while statutes of limitations are "designed to encourage plaintiffs to pursue diligent prosecution of known claims," statutes of repose put in place a "legislative judgment that a defendant should 'be free from liability after the legislatively determined period of time." *Cal. Pub. Employees' Ret. Sys. v. ANZ Sec., Inc.*, 137 S. Ct. 2042, 2045 (2017) (quotations omitted).

Defendant argues in its Motion to Dismiss that Plaintiff's claim under the Federal Tort Claims Act ("FTCA") is subject to the Colorado statute of repose codified at Colo. Rev. Stat. § 13-80-102.5(1):

> [N]o action alleging negligence . . . or other action arising in tort or contract to recover damages from any health-care institution . . . or any health-care

> professional . . . shall be maintained unless such action is instituted within two years after the date that such action accrues . . . but in no event shall an action be brought more than three years after the act or omission which gave rise to the action.

Defendant contends that because Ms. Tuck initiated this action four years after Dr. Metcalf found the lump in Ms. Tuck's breast, her claim is barred by the statute of repose and the court "does not have subject matter jurisdiction over Plaintiff's claim." [Doc. 26 at 7]. In opposing a stay of discovery, Plaintiff argues that a statute of repose does not affect a court's subject matter jurisdiction, but is rather simply a procedural filing deadline. [Doc. 31 at 4-5]. In its reply, Defendant asserts that the issue is jurisdictional because the FTCA confers jurisdiction only over those claims "where the complaint plausibly alleges that a private person would be liable to the plaintiff under state law," and because—according to Defendant—the statute of repose precludes the Amended Complaint from doing so here, the court lacks jurisdiction over Ms. Tuck's FTCA claim. [Doc. 33 at 4-5].

The court declines to pass on whether a statute of repose raises jurisdictional concerns at this juncture, where the briefing on the Motion to Dismiss has not yet been completed and the issue is not determinative of the court's analysis on the Motion to Stay.[1] Indeed, while courts in this District are more likely to grant a stay of discovery "pending the resolution of a Motion to

---

[1] The court notes that there appears to be a split of authority on this issue, which may turn upon a statute-by-statute analysis. *Compare, e.g.*, *Se. Pa. Transp. Auth. v. Orrstown Fin. Servs. Inc.*, 12 F.4th 337, 346 n.5 (3d Cir. 2021) (a statute of repose is not jurisdictional unless the statute "clearly state[s] that it is"); *First Interstate Bank of Denver, N.A. v. Cent. Bank & Tr. Co. of Denver*, 937 P.2d 855, 861 (Colo. App. 1996) (analyzing whether statutes of repose implicate jurisdiction) *with U.S. Sec. & Exch. Comm'n v. Revolutionary Concepts, Inc.*, No. 21-10984, 2022 WL 386085, at *5 (11th Cir. Feb. 9, 2022) ([S]tatutes of repose . . . are jurisdictional and not subject to waiver."); *Trudel v. SunTrust Bank*, 325 F.R.D. 23, 26 (D.D.C. 2018), *aff'd*, 924 F.3d 1281 (D.C. Cir. 2019) ("[A] statute-of-repose defense is "an absolute jurisdictional bar to a tardily filed claim."). The court declines to prematurely rule on this issue absent developed briefing from the Parties and where the determination of this issue is not required to rule on the Motion to Stay.

Dismiss impacting immunity or jurisdictional issues," *Rivera v. Maldonado*, No. 21-cv-01119-CMA-NYW, 2021 WL 5050425, at *1 (D. Colo. Nov. 1, 2021), this court and other courts within this District have granted stays of discovery pending a potentially dispositive motion to dismiss even if the motion did not implicate the court's jurisdiction, but where the court otherwise determined that a stay was warranted. *See, e.g.*, *Colo. Dep't of Pub. Health & Env't, Hazardous Materials & Waste Mgmt. Div. v. United States*, No. 21-cv-02474-RMR-NYW, 2021 WL 5770228, at *4 (D. Colo. Dec. 6, 2021) (acknowledging that a pending Rule 12(b)(6) motion typically does not justify a stay of discovery, but concluding a stay was warranted "in light of the unique circumstances of this case"). Accordingly, the court turns to the *String Cheese* factors to determine whether a stay of discovery is appropriate in this matter.

## II. The *String Cheese* Factors

*Plaintiff's Interest in Proceeding Expeditiously*. Defendant argues that Plaintiff's interests in proceeding with this litigation will not be harmed if discovery is stayed because Plaintiff seeks only economic damages, rather than equitable relief. [Doc. 27 at 4-5]. In fact, Defendant contends that Plaintiff's interests would actually be *harmed* "if discovery were to proceed only for her claims to be dismissed, in which case Plaintiff would be responsible for fees and costs that could have been avoided" with a stay. [Doc. 27 at 5]. Plaintiff responds that delay in this case "is a matter of life and death" due to Plaintiff's prognosis, because if discovery is delayed, there is a "significant possibility" that Plaintiff may pass away before trial. [Doc. 31 at 6]. Plaintiff argues that this prejudice alone outweighs the remaining *String Cheese* factors. [*Id.*].

The court agrees that Plaintiff "undoubtedly ha[s] an interest in proceeding expeditiously in this matter." *Sanchez v. City and Cty. of Denver*, No. 19-cv-02437-DDD-NYW, 2020 WL

7

924607, at *5 (D. Colo. Feb. 26, 2020); *see also Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *1 (D. Colo. Mar. 2, 2007) ("[S]taying the case while defendant's motion to dismiss is pending could substantially delay the ultimate resolution of the matter, with injurious consequences."). The primary event giving rise to this action occurred in 2017, and the court disfavors inviting additional delays in this case unless absolutely necessary. *See Sanchez*, 2020 WL 924607, at *5 (noting that, where events giving rise to action occurred in 2018 and the case was not likely to be resolved until 2021, a stay of discovery was disfavored). Moreover, the court is sympathetic to Plaintiff's concerns that a delay in this case may preclude her from seeing recovery in this action. The court finds this factor weighs against a stay of discovery.

**The Burden on Defendant**.  As to the second *String Cheese* factor, Defendant argues that it will be burdened if required to proceed with discovery because discovery would be substantial, requiring the United States to "hir[e] multiple expert witnesses and . . . collect[] . . . a large number of medical records," which would be burdensome and expensive. [Doc. 27 at 5]. As an initial matter, the court notes that "[d]efendants are always burdened when they are sued," *Chavez*, 2007 WL 683973, at *2, and typically, "[t]he ordinary burdens associated with litigating a case do not constitute undue burdens." *Wells v. Dish Network, LLC*, No. 11-cv-00269-CMA-KLM, 2011 WL 2516390, at *1 (D. Colo. June 22, 2011). However, where, as here, the plaintiff's claims may be time-barred and a pending dispositive motion may completely dispose of the case, proceeding with discovery may prove to be an impractical endeavor. *See Atl. Richfield Co. v. NL Indus., Inc.*, No. 20-cv-00234-RMR-KLM, 2021 WL 5016019, at *2 (D. Colo. Oct. 19, 2021) (finding that, although the defendants had not demonstrated that proceeding with discovery would present an *undue* burden, finding that the second *String Cheese* factor

nevertheless weighed in favor of a stay where discovery "could be wasteful"); *cf. Alexander v. Foegen*, No. 10-cv-01993-LTB-MEH, 2011 WL 683813, at *1 (D. Colo. Feb. 17, 2011) (recognizing burden on defendants in proceeding with discovery where there was a pending motion to dismiss raising statute-of-limitations argument). I thus find that this factor weighs in favor of a stay.

***The Convenience to the Court***. The third *String Cheese* factor, convenience to the court, favors a stay. Although courts in this District have recognized the "inconvenience[] [of] an ill-advised stay because the delay in prosecuting the case which results from imposition of a stay makes the Court's docket less predictable and . . . less manageable," *Arocho v. Nafzinger*, No. 07-cv-02603-REB-KLM, 2008 WL 5101701, at *1 (D. Colo. Dec. 1, 2008), Defendant's argument in its Motion to Dismiss may dispose of Plaintiff's case entirely. *See* [Doc. 26]. Given the pending dispositive motion, this court finds that a stay of discovery may conserve judicial resources. *See Compton v. United States*, No. 15-cv-00294-MSK-KMT, 2015 WL 2407126, at *2 (D. Colo. May 19, 2015) (recognizing the "potential waste of judicial resources that would result from allowing discovery to proceed only to have the case subsequently dismissed in its entirety as time-barred").

Although Plaintiff argues that the Motion to Dismiss is unlikely to be granted, *see* [Doc. 31 at 7], "no element of the *String Cheese* factors requires that this court make a preliminary determination as to the likelihood of success of either the dispositive motion or the ultimate merits of this case" when considering the appropriateness of a stay. *Church Mut. Ins. Co. v. Coutu*, No. 17-cv-00209-RM-NYW, 2017 WL 3283090, at *3 (D. Colo. Aug. 2, 2017). "All things equal, this court would prefer more certainty as to the claims moving forward which aids in the ability to appropriately frame discovery and assist Parties with any discovery disputes."

9

*Sanchez*, 2020 WL 924607, at *6.  For these reasons, I find that factor three weighs in favor of granting the stay.

        ***Interests of Non-Parties***.  As to the fourth *String Cheese* factor, neither party identifies any specific non-party interests that would benefit or be burdened by a stay.  *See* [Doc. 27 at 6; Doc. 31 at 8].  Although Plaintiff argues generally that the memories of witnesses in this case "will only fade more and more with additional delays," [Doc. 31 at 8], Plaintiff does not explain "why [she] believe[s] it is likely that these witnesses' memories will fade any more than they already have" during the period of a stay, if one is granted.  *Johns Manville Corp. v. Knauf Insulation, Inc.*, No. 15-cv-02671-CMA-KLM, 2016 WL 9752315, at *4 (D. Colo. Oct. 27, 2016), *report and recommendation adopted*, 2017 WL 4407932 (D. Colo. Mar. 31, 2017).  "Speculation that evidence will be lost, without more, is insufficient to demonstrate undue prejudice."  *Id.* (quoting *Evolutionary Intelligence, LLC v. Millennial Media, Inc.*, No. 5:13-cv-04206-EJD, 2014 WL 2738501, at *6 (N.D. Cal. June 11, 2014)).  The court finds this factor to be neutral.  *See Minter v. City of Aurora*, No. 20-cv-02172-RM-NYW, 2021 WL 735910, at *9 (D. Colo. Feb. 25, 2021) (where no party had identified specific non-party interests, the fourth *String Cheese* factor was neutral).

        ***The Public Interest***.  Finally, Defendant argues that the public interest weighs in favor of a stay because the public has an interest in the efficient resolution of cases and appropriate use of judicial resources.  [Doc. 31 at 7].  Additionally, Defendant argues that because the United States Department of Justice is taxpayer-funded, non-party interests—which the court finds to include the public at large—will benefit from a stay.  [*Id.* at 6].  In response, Plaintiff argues that the public has an interest in justice, and justice will not be served if she were to pass away prior to trial due to an unnecessary stay of discovery.  [Doc. 31 at 8].

While the public has a "strong interest . . . in general regarding the prompt and efficient handling of all litigation," *Wells*, 2011 WL 2516390, at *2, "[a]voiding wasteful efforts by the court and the litigants serves that purpose." *Woodson v. Armor Corr. Health Servs., Inc.*, No. 20-cv-00186-RM-KMT, 2020 WL 4041460, at *5 (D. Colo. July 17, 2020). Additionally, a stay "will allow the Court and the Department of Justice, both of which are funded by the public, to focus their efforts on matters more pressing than discovery in a case that may be dismissed." *Green v. Napolitano*, No. 11-cv-01163-WYD-KMT, 2011 WL 3583402, at *1 (D. Colo. Aug. 15, 2011). The court thus finds that the fifth *Sting Cheese* factor—the interest of the public—weighs in favor of a stay. *See Colo. Dep't of Pub. Health & Env't*, 2021 WL 5770228, at *4 (finding that the public would benefit from a stay of discovery where multiple parties were publicly funded).

The court recognizes that this District generally disfavors stays of discovery, *Wason Ranch Corp.*, 2007 WL 1655362, at *1, and the simple fact that a motion to dismiss has been filed is insufficient, alone, to warrant a stay of discovery. *Cf. Boden v. Hmshost Corp.*, No. 15-cv-00606-CMA-KMT, 2015 WL 3826725, at *2 (D. Colo. June 19, 2015). Nevertheless, setting aside the Parties' disagreement on the issue, Defendant purports to raise a jurisdictional basis for dismissal, and resolution of the Motion to Dismiss in the United States' favor would fully dispose of this case. The court finds the balance of the *String Cheese* factors weighs in favor of staying discovery pending resolution of the pending Motion to Dismiss. In so finding, the court does not pass on the merits of the pending Motion to Dismiss or the arguments therein. For the reasons set forth herein, the Motion to Stay is hereby **GRANTED**.

### III.     The Motion to Expedite Trial

Also pending before the court is Plaintiff's Motion to Expedite Trial, wherein Ms. Tuck requests that the court set this case for a bench trial to occur in the calendar year 2022. [Doc. 29 at 5]. In light of the court's ruling on the Motion to Stay and the attendant stay of discovery in this case, the court is unable to determine an appropriate date for any expedited trial until the Motion to Dismiss is resolved.  Accordingly, the court will **DENY** the Motion to Expedite Trial **without prejudice**, with leave to re-file should this court deny the Motion to Dismiss.

## CONCLUSION

For the reasons set forth herein, **IT IS ORDERED** that:

(1)     Defendant's Motion to Stay Discovery Pending Resolution of Motion to Dismiss [Doc. 27] is **GRANTED**;

(2)     All discovery in this matter is hereby **STAYED** pending final resolution of the pending Motion to Dismiss [Doc. 26];

(3)     The Scheduling Conference set for March 2, 2022 is **VACATED**, to be re-set if appropriate;

(4)     Within three (3) business days of the final disposition of the pending Motion to Dismiss [Doc. 26], to the extent that Plaintiff's claim against Defendant survives, counsel shall **jointly CONTACT** the undersigned's chambers to set a Scheduling Conference; and

(5)     Plaintiff's Motion for Expedited Trial Date Due to Medical Hardship Pursuant to Fed. R. Civ. P. 16 [Doc. 29] is **DENIED without prejudice**.

DATED:  February 28, 2022                    BY THE COURT:

                                                                                      _____
                                                                                      Nina Y. Wang
                                                                                      United States Magistrate Judge