IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-02889-NYW

JESSICA TUCK,

    Plaintiff,

v.

THE UNITED STATES OF AMERICA,

    Defendant.

## ORDER ON MOTION TO DISMISS

Magistrate Judge Nina Y. Wang

This matter is before the court on the United States' Motion to Dismiss Amended Complaint Pursuant to Rule 12(b)(1) (the "Motion" or "Motion to Dismiss"). [Doc. 26]. The court considers the Motion pursuant to 28 U.S.C. § 636(c) and the Order of Reference for all purposes dated February 2, 2022. [Doc. 25]. Upon review of the Motion, the related briefing, and the applicable case law, the Motion to Dismiss is respectfully **DENIED**.

## BACKGROUND

The court draws the following facts from the Amended Complaint, [Doc. 22], and presumes they are true for purposes of the Motion to Dismiss. Plaintiff Jessica Tuck ("Plaintiff" or "Ms. Tuck") was seen by Dr. Melanie Metcalf at the Salud Family Health Center for an examination on October 3, 2017, at which time Dr. Metcalf was an employee and/or agent of Defendant, the United States of America. [*Id.* at ¶¶ 8, 11]. During a breast examination, Dr. Metcalf noted a lump in Ms. Tuck's right breast, but told Ms. Tuck that it was likely "just fibroadenoma." [*Id.* at ¶¶ 12-13]. Dr. Metcalf ordered ultrasound imaging, but failed to make arrangements for the imaging or contact Ms. Tuck to schedule the ultrasound. [*Id.* at ¶¶ 15-16].

When Ms. Tuck was seen by Dr. Metcalf again on November 21, 2017, Ms. Tuck asked Dr. Metcalf about the lump; Dr. Metcalf told her it was nothing to worry about and did not follow up with ultrasound imaging. [*Id.* at ¶ 19]. Ms. Tuck never received a breast ultrasound. [*Id.* at ¶ 17].

Approximately one year later, Ms. Tuck was seen by another physician for an annual checkup. [*Id.* at ¶ 20]. The other physician discovered a two- to three-centimeter mass in Plaintiff's breast, which demonstrated a doubling or tripling of the size of the mass in the year following Dr. Metcalf's examination. [*Id.* at ¶¶ 22-23]. The physician ordered a mammogram and breast ultrasound, which confirmed on December 18, 2018 a solid mass that was "highly suspicious for malignancy." [*Id.* at ¶¶ 24-25]. After a biopsy on December 19, 2018, Ms. Tuck was diagnosed with stage IIIA breast cancer with lymph node involvement. [*Id.* at ¶¶ 28, 30]. Ms. Tuck alleges that had Dr. Metcalf properly treated and diagnosed her cancer a year earlier, the cancer likely would have been evaluated at stage IA and would have been treated with less invasive measures. [*Id.* at ¶ 31]. Instead, Plaintiff was required to undergo "extensive neoadjuvant therapy," a "radical double mastectomy," and a double breast reconstruction. [*Id.* at ¶ 32]. Ms. Tuck continues to undergo treatment and "will require future medical care for the rest of her life." [*Id.* at ¶ 33].

Plaintiff initiated this action on October 27, 2021 against Dr. Metcalf, Plan de Salud Del Valle, Inc., doing business as Salud Family Health Centers, and the United States of America. *See* [Doc. 1 at 1]. The case was directly assigned to the undersigned Magistrate Judge, [Doc. 3], and the Parties consented to this court's jurisdiction on January 31, 2022. [Doc. 20]. Plaintiff filed the Amended Complaint on February 1, 2022, which named only the United States as a Defendant in this matter and which raised one claim of medical negligence under the Federal Tort Claims Act ("FTCA"). [Doc. 22 at 1, 4]. On February 15, 2022, Defendant filed the instant Motion to Dismiss,

2

arguing that Plaintiff's claim should be dismissed for lack of subject matter jurisdiction because the claim is barred by Colorado's statute of repose for medical negligence claims. [Doc. 26]. That same day, Defendant moved to stay discovery based on the jurisdictional issues raised in the Motion to Dismiss. [Doc. 27]. After expedited briefing, *see* [Doc. 31; Doc. 33], the court stayed discovery pending resolution of the Motion to Dismiss. [Doc. 35]. Plaintiff has since responded to the Motion to Dismiss, [Doc. 36], and Defendant has filed a reply. [Doc. 37]. The matter is thus ripe for disposition, and I consider the Parties' arguments below.

## LEGAL STANDARD

### I. Rule 12(b)(1)

Federal courts are courts of limited jurisdiction. As such, courts "are duty bound to examine facts and law in every lawsuit before them to ensure that they possess subject matter jurisdiction." *Wilderness Soc. v. Kane Cty.*, 632 F.3d 1162, 1179 n.3 (10th Cir. 2011) (Gorsuch, J., concurring). Attacks on subject matter jurisdiction may take two different forms—a facial attack or a factual attack—which implicate different analytical frameworks. The Tenth Circuit has explained that

> [m]otions to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may take one of two forms. First, a party may make a facial challenge to the plaintiff's allegations concerning subject matter jurisdiction, thereby questioning the sufficiency of the complaint. In addressing a facial attack, the district court must accept the allegations in the complaint as true. Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter depends. In addressing a factual attack, the court does not presume the truthfulness of the complaint's factual allegations, but has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1).

*United States v. Rodriquez Aguirre*, 264 F.3d 1195, 1203 (10th Cir. 2001) (quotation omitted)). The party invoking federal jurisdiction has the burden of establishing said jurisdiction. *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005).

**II.     The Federal Tort Claims Act**

Generally, the United States is immune from suit pursuant to the doctrine of sovereign immunity, which precludes federal jurisdiction. *See United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."). But "[t]hrough 28 U.S.C. § 1346(b)(1), the FTCA waives sovereign immunity for certain state law tort claims against the United States." *Garling v. EPA*, 849 F.3d 1289, 1294 (10th Cir. 2017). More specifically, the FTCA operates to waive sovereign immunity "with respect to certain injuries caused by government employees acting within the scope of their employment." *Tippett v. United States*, 108 F.3d 1194, 1196 (10th Cir. 1997). The FTCA provides that the United States may be sued

> for money damages . . . for injury or loss or property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, <u>under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred</u>.

28 U.S.C. § 1346(b)(1) (emphasis added). "Put another way, the FTCA incorporates the substantive law of the state where the tortious act or omission occurred." *Augutis v. United States*, 732 F.3d 749, 752 (7th Cir. 2013) (quotation omitted); *see also Feres v. United States*, 340 U.S. 135, 142 (1950) (the FTCA "recognizes and assimilates into federal law the rules of substantive law of the several states."). "[A] waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192 (1996).

Relevant here, the FTCA "contains an interconnected statute of limitation and administrative adjudication requirement." *Halvorson v. United States*, 381 F. Supp. 3d 1115, 1118 (D.S.D. 2019). The law includes a six-year statute of limitations, providing that any civil action

against the United States is barred unless the complaint is filed "within six years after the right of action first accrues." 28 U.S.C. § 2401(a). Moreover, the FTCA requires that all claims must be "presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). After administrative adjudication of the claim, any subsequent federal lawsuit must be filed "within six months after the date of mailing . . . of notice of final denial of the claim by the agency to which it was presented." *Id.* An agency's failure to render a final disposition of an administrative claim within six months after it is filed is "deemed a final denial of the claim." 28 U.S.C. § 2675(a).

## ANALYSIS

Defendant argues that this court lacks jurisdiction over Plaintiff's medical negligence claim because the claim is barred by Colorado's statute of repose. *See* [Doc. 26 at 1]. While the statute of repose has limited exceptions, Defendant maintains that no such exceptions apply to this case, [*id.* at 5-8], and thus, this case should be dismissed for lack of subject matter jurisdiction. [*Id.* at 1]. Ms. Tuck disagrees, asserting that state statutes of repose "do not apply in federal FTCA medical malpractice cases." [Doc. 36 at 1, 5]. In the alternative, she argues that even if Colorado's statute of repose does apply here, the Motion to Dismiss should nevertheless be denied because under Colorado law, the repose period began to run when she discovered her injury in December 2018; because she filed this lawsuit within three years of that date, her claim is not barred by the statute of repose. [*Id.* at 12].

**I.    The Statute of Repose**

"A statute of repose . . . puts an outer limit on the right to bring a civil action," which limit is measured "from the date of the last culpable act or omission of the defendant." *CTS Corp. v. Waldburger*, 573 U.S. 1, 8 (2014). Although a statute of repose is related to a statute of limitations,

5

the two differ in meaningful ways: while statutes of limitations are "designed to encourage plaintiffs to pursue diligent prosecution of known claims," statutes of repose put in place a "legislative judgment that a defendant should 'be free from liability after the legislatively determined period of time." *Cal. Pub. Emp. Ret. Sys. v. ANZ Sec., Inc.*, 137 S. Ct. 2042, 2045 (2017) (quotations omitted).

Defendant argues that Plaintiff's FTCA claim is time-barred under the Colorado statute of repose for medical negligence claims, which provides that

> no action alleging negligence . . . or other action arising in tort or contract to recover damages from any health-care institution . . . or any health-care professional . . . shall be maintained unless such action is instituted within two years after the date that such action accrues . . . <u>but in no event shall an action be brought more than three years after the act or omission which gave rise to the action</u>.

Colo. Rev. Stat. § 13-80-102.5(1) (emphasis added). According to Defendant, because the FTCA waives sovereign immunity only insofar as "the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred," *see* 28 U.S.C. § 1346(b)(1), and because—according to Defendant—the Colorado statute of repose has extinguished Defendant's liability and barred Plaintiff's claim, the United States would not be liable as a private person under Colorado law and has thus not waived sovereign immunity as to Plaintiff's claim. [Doc. 26 at 3-4]. Accordingly, Defendant argues that the court lacks subject matter jurisdiction over this case. [*Id.*]; *see also Rigsby v. United States*, 91 F. App'x 103, 105 (10th Cir. 2004) (a court lacks subject matter jurisdiction where "no sovereign immunity was waived.").

Ms. Tuck counters that "[t]he majority view in federal district courts across the country is that state statutes of repose do not apply in FTCA claims," [Doc. 36 at 5], and cites a number of District-court cases in support. [*Id.* at 6-8]. According to Plaintiff, this "majority view" is

6

supported by the legislative history of the FTCA, and a contrary conclusion would run afoul of Congress's purpose and intent in enacting the relevant FTCA provisions. [*Id.* at 9]. Notably, while Plaintiff herself does not argue that the FTCA preempts state statutes of repose, *see generally* [*id.*], the primary authority cited by Plaintiff suggests this is the basis of her argument. *See* [*id.* at 6, 7-9 (citing cases concluding that the FTCA preempts state statutes of repose)]. In reply, Defendant maintains that Circuit-court authority readily establishes the applicability of state statutes of repose to FTCA claims. [Doc. 37 at 3-4].

As suggested by the Parties' arguments, there is a split in authority as to whether a state statute of repose can preclude an otherwise timely FTCA claim. *See, e.g.*, *Bennett v. United States*, No. C20-5382 BHS, 2021 WL 4902485, at *2 (W.D. Wash. Aug. 31, 2021) (collecting cases). While the Tenth Circuit has not spoken on this issue, Defendant nevertheless asserts that a court in this District, as well as all Circuit courts to have addressed this issue, have "recognize[d] that statutes of repose can bar FTCA claims," citing to cases from the Fourth, Fifth, Sixth, Seventh, and Eleventh Circuits. [Doc. 37 at 3]. This court limits its discussion of out-of-Circuit precedent to the decisions from the Sixth and Seventh Circuits, which contain the most robust legal analyses.[1]

---

[1] The court respectfully finds that some of the Circuit cases cited by Defendant are unpersuasive or inapplicable to the issue at hand. In *Simmons v. United States*, 421 F.3d 1199 (11th Cir. 2005) (per curiam), the Eleventh Circuit affirmed, in a two-paragraph opinion, the district court's dismissal of an FTCA claim on the basis that the state statute of repose had not been tolled during a period in which the estate plaintiff was unrepresented by an administrator, and thus, the claim filed outside of the repose period was barred. *Id.* The *Simmons* court, however, did not discuss the applicability of state statutes of repose to FTCA claims generally. *See generally id.* Similarly, in *Smith v. United States*, the Fifth Circuit determined, in a four-paragraph opinion, that a state statute of repose barred the plaintiff's FTCA claim, expressing only that the repose statute "creates a substantive right to be free of liability after a specified time" without conducting any applicability analysis. *See* 430 F. App'x 246, 247 (5th Cir. 2011) (per curiam). Finally, in *Anderson v. United States*, 669 F.3d 161 (4th Cir. 2011), the Fourth Circuit certified a question to the Maryland Supreme Court concerning whether a Maryland state statute was a statute of repose or a statute of limitations. *Id.* at 162. The *Anderson* court stated—relying on *Simmons*—that "[b]ecause statutes of repose are substantive limitations on liability, an FTCA claim does not lie against the United

7

In 2013, the Seventh Circuit ruled that an FTCA claim is barred if it is filed outside the limits of an applicable state statute of repose. *See Augutis*, 732 F.3d at 754. In so deciding, the court first noted that "Illinois courts have consistently construed the [Illinois statute of repose] as a substantive limit on liability, not a procedural bar to suit." *Id.* at 753. Then, recognizing that the FTCA "expressly incorporates" state substantive law, the *Augutis* court concluded that the Illinois statute of repose was "part of the substantive law of the state where the tortious act or omission occurred," and thus, held that the plaintiff's claim was barred by that statute of repose. *Id.* at 754 (quotation omitted). Notably, the Seventh Circuit found "no conflict between state and federal law because it was possible for [the plaintiff] to have satisfied the requirements of" both the FTCA and the Illinois statute of repose. *Id.* Similarly, in *Huddleston v. United States*, the Sixth Circuit concluded that the plaintiff's FTCA claim was barred by a Tennessee statute of repose. 485 F. App'x 744, 746 (6th Cir. 2012). The Sixth Circuit based its decision on the fact that a statute of repose "is a substantive requirement, not just a procedural hurdle," concluding that "[b]ecause federal law incorporates state substantive law for purposes of FTCA claims, applying Tennessee's statute of repose to FTCA plaintiffs does not run afoul of the Supremacy Clause." *Id.* at 745-46.

As a starting point in their analyses, both the Sixth and Seventh Circuits considered whether the subject statute of repose was properly classified as substantive or procedural law. *See Augutis*, 732 F.3d at 753; *Huddleston*, 485 F. App'x at 745-46. The court agrees that such a determination

---

States where a statute of repose would bar the action if brought against a private person in state court." *Id.* at 165. But similar to *Simmons*, the *Anderson* court did not substantively discuss whether state statutes of repose appropriately apply to FTCA claims. *See generally* [*id.*]. Ultimately, this court declines rely on the *Anderson* court's lone statement assuming the applicability of the statute of repose to an FTCA claim, which was not ultimately part of the court's holding. *See Anderson v. United States*, 474 F. App'x 891, 892 (4th Cir. 2012) (after the Maryland Supreme Court determined that the subject statute was a statute of limitations, concluding that the statute was inapplicable to the FTCA claim and reversing dismissal of the complaint).

is relevant to the applicability of the statute of repose to Plaintiff's claim, as "[s]tate substantive law applies to suits brought against the United States under the FTCA." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1117 (10th Cir. 2004); *see also Shields v. United States*, 436 F. Supp. 3d 540, 545 (D. Conn. 2020) ("These references [in § 1346(b)(1)] to whether a private party would be 'liable' are most reasonably understood to refer to the state law rules of substantive liability rather than the full range of all state procedural rules appurtenant to the pleading, trial, and determination of a claim.").

This court could locate no case through its independent research in which a Colorado court held, or even discussed, whether § 13-80-102.5(1) creates a procedural or substantive limitation to suit. But a court within this District, as well as the Tenth Circuit, have held that other statutes of repose are substantive in nature, albeit in different contexts than the one presently before the court. *See Hogan v. Pilgrim's Pride Corp.*, No. 16-cv-02611-RBJ, 2021 WL 1534602, at *7 (D. Colo. Apr. 16, 2021), *appeal docketed*, No. 21-1445 (recognizing that "a statute of repose creates a substantive right in defendants' freedom from liability"); *see also Fulghum v. Embarq Corp.*, 785 F.3d 395, 416 (10th Cir. 2015) (concluding that a statute of repose "creates a substantive right in those protected to be free from liability after a legislatively-determined period of time") (quoting *Amoco Prod. Co. v. Newton Sheep Co.*, 85 F.3d 1464, 1472 (10th Cir. 1996)); *see also Specialty Restaurants Corp. v. Nelson*, 231 P.3d 393, 399 (Colo. 2010) ("A statute is substantive if it creates, eliminates, or modifies vested rights or liabilities."). Other courts around the country have similarly, and consistently, held that statutes of repose are substantive, rather than procedural. *See, e.g.*, *Barroca v. United States*, No. 19-2688-DDC-TJJ, 2021 WL 274505, at *22 (D. Kan. Jan. 27, 2021); *Williams v. Quest Diagnostics, Inc.*, 353 F. Supp. 3d 432, 440 n.4 (D.S.C. 2018); *Zander v. United States*, 786 F. Supp. 2d 880, 885 (D. Md. 2011). Because the statute of repose eliminates

9

a right to relief, *see Nelson*, 231 P.3d at 399, the court agrees that § 13-80-102.5(1) "is a substantive requirement, not just a procedural hurdle" to suit. *Huddleston*, 485 F. App'x at 745-46.

The statute's substantive nature, however, is not determinative to the court's inquiry. *See Huntoon v. United States*, No. 1:14-cv-178-MW/GRJ, 2017 WL 11500195, at *3 (N.D. Fla. Sept. 23, 2017) ("Concluding that [the statute of repose] is substantive does not necessarily mean that it applies in this [FTCA] case."); *Blau v. United States*, No. 8:12-cv-2669-T-26AEP, 2013 WL 704762, at *3 (M.D. Fla. Feb. 26, 2013) ("While a statute of repose is considered substantive as the 'law of the place,' such characterization does not elevate its consideration in determining whether a federal court has jurisdiction over an FTCA claim."). Here, Ms. Tuck cites several cases suggesting that the FTCA preempts conflicting state statutes of repose, *see* [Doc. 36 at 5-8], and further asserts that an examination of Congress's intent in enacting the administrative provisions of the FTCA "confirms these courts' statutory interpretations," which too implies a preemption argument. [*Id.* at 9]; *see also English v. Gen. Elec. Co.*, 496 U.S. 72, 78-79 (1990) ("Preemption fundamentally is a question of congressional intent."). The court thus turns to whether the Colorado statute of repose, despite its substantive nature, is nevertheless preempted by the provisions of the FTCA. *Bennett v. United States*, No. C20-5382 BHS, 2021 WL 2333299, at *3 (W.D. Wash. June 8, 2021), *motion to certify appeal granted*, 2021 WL 4902485 (W.D. Wash. Aug. 31, 2021) ("[E]ven if Washington's statute of repose is substantive, the Court's analysis on whether the FTCA preempts the statute of repose does not end with this conclusion.").

## II.  Preemption

"A fundamental principle of the Constitution is that Congress has the power to preempt state law." *Crosby v. Nat'l Foreign Trade Council*, 530 U.S. 363, 372 (2000). The Supremacy Clause provides that the laws of the United States "shall be the supreme Law of the Land." U.S.

Const. art. VI, cl. 2. "Pursuant to this provision, Congress has the power to enact statutes that preempt state law." *US Airways, Inc. v. O'Donnell*, 627 F.3d 1318, 1324 (10th Cir. 2010) (citing *Nw. Cent. Pipeline Corp. v. State Corp. Comm'n of Kan.*, 489 U.S. 493, 509 (1989)). "Congress may indicate pre-emptive intent through a statute's express language or through its structure and purpose." *Altria Grp., Inc. v. Good*, 555 U.S. 70, 76 (2008).

There are three common forms of preemption: express preemption, field preemption, and conflict preemption. *English*, 496 U.S. at 78-79. Express preemption occurs "when the language of the federal statute reveals an express congressional intent to preempt state law." *Mount Olivet Cemetery Ass'n v. Salt Lake City*, 164 F.3d 480, 486 (10th Cir. 1998). Field preemption applies where "the federal scheme of regulation is so pervasive that Congress must have intended to leave no room for a State to supplement it." *Id.* And finally, conflict preemption exists where (1) "compliance with both the federal and state laws is a physical impossibility" or (2) the state law is "an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Id.* "What [constitutes] a sufficient obstacle is a matter of judgment, to be informed by examining the federal statute as a whole and identifying its purpose and intended effects." *Crosby*, 530 U.S. at 373. Plaintiff does not argue that any specific form of preemption is applicable here, *see generally* [Doc. 36], nor does Defendant argue that these forms of preemption are inapplicable here. *See generally* [Doc. 37].

Section 2401 of Title 28 of the United States Code does not include a statute of repose; accordingly, express exemption is not present here. *See* 28 U.S.C. § 2401; *see also Eiswert v. United States*, 322 F. Supp. 3d 864, 874 (E.D. Tenn. 2018). However, for the reasons set forth below, the court respectfully concludes that the application of the statute of repose to Plaintiff's FTCA claim creates "an obstacle to the accomplishment and execution of the full purposes and

11

objectives of Congress" and thus, the FTCA preempts the state statute based on the principles of conflict preemption. *Mount Olivet*, 164 F.3d at 486.[2]

The FTCA's procedural prerequisites to and provisions dictating the timing of suit are highly relevant to the court's conclusion. Before initiating a federal action under the FTCA, the statute first requires a plaintiff to file a claim with the relevant federal agency within two years of the claim's accrual. 28 U.S.C. § 2401(b). The claimant must then administratively adjudicate his or her claim for at least six months. *See id.* (providing that a federal claim is time-barred unless it is filed within six months of the agency's final denial of the claim); *see also* 28 U.S.C. § 2675(a) (if the agency does not make a final determination within six months after the administrative claim is filed, the claim is deemed denied). But "[t]he statute encourages plaintiffs to remain in the administrative process by allowing them to bring their claims in federal court at any time within six months of 'notice of final denial of the claim by the agency'—no matter how long the agency takes to adjudicate the claim." *Halvorson*, 381 F. Supp. 3d at 1124 (quoting 28 U.S.C. § 2401(b)).

The purpose behind the FTCA's administrative-adjudication requirement is "to give the agency notice of the claim, an opportunity to investigate, and a chance to settle the claim prior to litigation." *Lopez v. United States*, 823 F.3d 970, 977 (10th Cir. 2016); *see also Tucker v. USPS*, 676 F.2d 954, 958 (3d Cir. 1982) (in enacting the FTCA, Congress sought "to ease court congestion and avoid unnecessary litigation, while making it possible for the Government to expedite the fair settlement of tort claims asserted against the United States."); *Montoya v. United States*, 841 F.2d 102, 104 (5th Cir. 1988) (stating that the exhaustion requirement provides a "meaningful opportunity to resolve the matter without the necessity of judicial intervention."). "Requiring claimants to begin with agency review has benefits for both sides: claims resolved . . . at the agency

---

[2] Having reached this conclusion, the court does not pass on whether field preemption applies here.

level are less costly to the Government, and less time-consuming for the claimant." *Cooper v. United States*, No. CIV.A. 12-7244, 2013 WL 6845988, at *4 (E.D. Pa. Dec. 30, 2013). "[I]t is clear that Congress intended the administrative process to be the preferred method for resolving tort claims against the federal government and that a plaintiff engaging in that process have six months after the agency denial to evaluate his or her position." *Kennedy v. U.S. Veterans Admin.*, 526 F. App'x 450, 458 (6th Cir. 2013) (White, J., concurring) (emphasis added).

Applying the Colorado statute of repose to preclude a claim which is otherwise expressly permitted by, and timely under, the FTCA would contravene the congressional purposes of fairly and efficiently adjudicating claims prior to litigation. As the District of South Dakota succinctly stated, the application of the statute of repose "undercut[s] Congress' purpose of encouraging settlement of meritorious claims and avoiding litigation," instead "encourag[ing] the opposite, incentivizing plaintiffs to rush their cases to federal court at the earliest opportunity." *Halvorson*, 381 F. Supp. 3d at 1124; *see also Romero v. United States*, No. CIV 17-0130 JB\KBM, 2018 WL 1363833, at *16 (D.N.M. Mar. 15, 2018) (where a statute of repose "would preclude many claims which the FTCA deems timely," a "plaintiff may have to rush the case to ensure that he or she is not stuck in the agency review phase when the statute of repose finishes running."). "When the manifest purpose of the FTCA's agency-review provisions is to resolve claims administratively, allowing a state law to effectively rush the claimant into federal court defeats that purpose." *Cooper*, 2013 WL 6845988, at *6.

Indeed, accepting Defendant's theory would contravene the express timing provisions of the FTCA, forcing a claimant to file a potentially premature administrative claim simply to ensure compliance with the statute of repose. Such a scenario is illustrated by the facts presently before the court: here, the Parties maintain that Ms. Tuck's FTCA claim accrued on December 18 or 19,

2018. [Doc. 22 at ¶ 28]; *see also* [Doc. 26 at 7; Doc. 36 at 3; Doc. 37 at 5]. Under the FTCA's administrative provisions, Ms. Tuck was required to file an administrative claim within two years of that accrual date—i.e., on or before December 18 or 19, 2020. *See* 28 U.S.C. § 2401(b). However, under Defendant's theory of the case, Ms. Tuck's claim is barred by the statute of repose if not filed within three years of the last culpable act, or by October 3, 2020. *See* [Doc. 22 at ¶ 11; Doc. 26 at 5; Doc. 37 at 5]. Thus, to comply with both the Colorado statute of repose and the administrative requirements of the FTCA, Ms. Tuck would have been required to file her administrative claim by, at the very latest, April 3, 2020[3]—eight months *before* her deadline to file under the FTCA. Indeed, under Defendant's argument, the Colorado statute of repose operates to nullify one-third of the FTCA's two-year limitations period for filing an administrative claim. Under these circumstances, a plaintiff may be forced to rush through the administrative claims process to "beat the statute of repose," which plainly contravenes Congress's intent to encourage settlement of claims prior to litigation. *Romero*, 2018 WL 1363833, at *16; *Lopez*, 823 F.3d at 977; *see also Int'l Paper Co. v. Ouellette*, 479 U.S. 481, 494 (1987) ("A state law . . . is pre-empted if it interferes with the methods by which the federal statute was designed to reach [Congress's] goal.").

Stated another way, applying the statute of repose here would "narrow the waiver Congress intended when it expressly laid out the time limitations for FTCA claimants" and would thus "pose an obstacle to the time limitations in the FTCA, all of which with Plaintiff complied." *McKinley v. United States*, No. 5:15-cv-101, 2015 WL 5842626, at *13 (M.D. Ga. Oct. 6, 2015); *see also Bennett*, 2021 WL 2333299, at *5 (applying the statute of repose would narrow Congress's

---

[3] An administrative claim filed on April 3, 2020 would have permitted Ms. Tuck to wait six months after the administrative filing to initiate an action in federal court by the October 3, 2020 statute-of-repose expiration, as required by 28 U.S.C. § 2401(b).

14

intended waiver of immunity under the FTCA). While the court is mindful that the Supreme Court has advised courts to "not take it upon [themselves] to extend the [immunity] waiver beyond that which Congress intended," *United States v. Kubrick*, 444 U.S. 111, 117-18 (1979), the Court has further instructed that courts may not "assume the authority to narrow the waiver that Congress intended." *Id.* at 118. The court is not persuaded that in enacting the administrative-adjudication provisions of the FTCA, Congress intended for its waiver of sovereign immunity—and, as a result, federal courts' jurisdiction—to be defined by the states via statutes of repose. *See Mamea v. United States*, No. CIV. 08-00563 LEK, 2011 WL 4371712, at *11 (D. Haw. Sept. 16, 2011) (applying statutes of repose to bar FTCA claims "would allow each state to define the federal courts' subject matter jurisdiction.").

In its Reply, the United States argues that "[t]here is simply no conflict between the FTCA and Colorado's statute of repose based on the facts alleged in the Amended Complaint" because Plaintiff "had ample time to comply with both the FTCA's administrative claim procedure and the statute of repose." [Doc. 37 at 5]. Specifically, Defendant notes that Plaintiff's claim accrued in December 2018, "[y]et Plaintiff did not file her administrative claim until October 28, 2020, and did not file her complaint until October 27, 2021." [*Id.* (citing [Doc. 36 at 3])]. The court is respectfully unpersuaded by this argument. First, impossibility of compliance with both the federal and state statutes is not required to find conflict preemption; conflict preemption also exists "when state law stands as an obstacle to accomplishment and execution of the full purposes and objectives of Congress." *Mount Olivet*, 164 F.3d at 488. That "some plaintiffs may be able to comply with both statutes" is thus not material to the court's preemption analysis. *Halvorson*, 381 F. Supp. 3d at 1124; *see also Eiswert*, 322 F. Supp. 3d at 874 (although it was "not a physical impossibility for the plaintiff to comply" with both laws, "this does not end the inquiry.").

15

Furthermore, Defendant's argument that Plaintiff had "ample time" to pursue her claim in compliance with the statute of repose ignores the fact that such compliance would significantly reduce the time in which Plaintiff may investigate and prepare her administrative claim prior to filing. *See Tucker*, 676 F.2d at 958 (the purpose of the FTCA is to "expedite the fair settlement of tort claims") (emphasis added); c*f. Halvorson*, 381 F. Supp. 3d at 1125 (explaining that medical malpractice claims "are among the most complex and time-consuming actions in FTCA litigation," requiring investigation, compilation of medical records, and retention of medical experts prior to administrative adjudication). The FTCA plainly permits a claimant a two-year period in which to initiate the administrative process, 28 U.S.C. § 2401(b), and Ms. Tuck should not be penalized for acting within the permissible time frame established by the FTCA.

Based on the court's independent research and review of several dozen district court cases, it appears that the majority of district courts have reached the same conclusion as this court here. By this court's estimation, approximately two-thirds of District-court decisions have concluded that the FTCA preempts an otherwise applicable statute of repose, or have otherwise concluded that an FTCA claim filed outside of the statute-of-repose window can proceed,[4] with the remaining approximate one-third concluding that a state statute of repose may bar an otherwise timely FTCA claim.[5] For the reasons set forth above, the court respectfully agrees with the numerous federal

---

[4] The court notes that approximately two dozen cases addressing this issue and concluding that the FTCA preempts a state statute of repose arise out of essentially identical cases filed in the District of Kansas which were all decided by the same presiding judge. For purposes of accuracy, the court did not include these cases in its calculations.

[5] The court also notes that approximately half of the cases concluding that a state statute of repose may bar an FTCA claim were decided by District courts located within the Seventh Circuit. Those courts were thus bound to follow the Seventh Circuit's decision in *Augutis*, 732 F.3d at 749, *see, e.g.*, *Dickerson v. United States*, No. 3:19-cv-00124-NJR-GCS, 2019 WL 4673573, at *2 (S.D. Ill. Sept. 25, 2019), with one District court doing so "reluctantly." *See Feltz v. United States*, No. 13-cv-749-WMC, 2017 WL 1215454, at *2 (W.D. Wis. Mar. 31, 2017).

courts finding conflict preemption where an otherwise timely FTCA claim is purportedly barred by a state statute of repose, as the state law constitutes "an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Mount Olivet*, 164 F.3d at 486. *See, e.g.*, *Halvorson*, 381 F. Supp. 3d at 1124-25; *Eiswert*, 322 F. Supp. 3d at 874; *Bennett*, 2021 WL 2333299, at *5; *Huntoon*, 2017 WL 11500195, at *3-4; *McKinley*, 2015 WL 5842626, at *13; *Cooper*, 2013 WL 6845988, at *6-8.

Although some Circuit courts have found FTCA claims barred by state statutes of repose, this court is not bound by out-of-Circuit precedent, *see Garcia by Garcia v. Miera*, 817 F.2d 650, 658 (10th Cir. 1987), and the court is respectfully unpersuaded by the Circuit authority cited by Defendant. Indeed, the Seventh Circuit in *Augutis* found no conflict between state and federal law "because it was possible for [the plaintiff] to have satisfied the requirements of both regimes." 732 F.3d at 754. But as set forth above, the possibility of compliance with both federal and state law is not alone sufficient to obviate conflict preemption. *Mount Olivet*, 164 F.3d at 488. Moreover, in *Huddleston*, the Sixth Circuit limited its analysis to the substantive nature of the statute of repose, without analyzing whether applying the statute of repose would frustrate the accomplishment and execution of Congress's intent in enacting the FTCA. *See* 485 F. App'x at 745-46. And finally, although Defendant asserts that "the District of Colorado recognize[s]" the applicability of a statute of repose to an FTCA claim, *see* [Doc. 37 at 3 (citing *Jones v. United States*, No. 05-cv-00369-PSF-CBS, 2006 WL 8454880 (D. Colo. July 24, 2006)], the court is not bound by the decisions of other courts in this District. *See Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011); *see also Hernandez v. Ray Domenico Farms, Inc.*, 250 F. Supp. 3d 789, 801 (D. Colo. 2017) ("Although the judges of this District strive to respect each other's decisions, we do not bind each other."). In any event, *Jones* inapplicable to the case at hand; in *Jones*, the court's analysis

was limited to the applicability of an exception to the statute of repose and did not discuss the propriety of applying a statute of repose to FTCA claims generally. *See generally* 2006 WL 8454880 at *3-5. The court declines to rely on a case that does not discuss preemption—the determinative issue in this matter. *See generally id.*

For the reasons set forth herein, the court concludes that the FTCA preempts the Colorado statute of repose insofar as it reduces or interferes with the FTCA's timing and administrative provisions. Accordingly, the statute of repose does not narrow the government's waiver of immunity under the FTCA and does not bar Plaintiff's suit.[6] The Parties agree that Plaintiff filed her administrative claim within two years of the claim's accrual, *see* [Doc. 36 at 3; 37 at 5], and Defendant does not argue that Ms. Tuck failed to comply with the FTCA's six-month provision prior to filing suit. *See generally* [Doc. 26; Doc. 37]. Because Ms. Tuck's claim is proper under the FTCA, the government's waiver of sovereign immunity applies in this case and the court has subject matter jurisdiction over this matter. The Motion to Dismiss is thus **DENIED**.

## CONCLUSION

For the reasons set forth herein, **IT IS ORDERED** that:

(1)   United States' Motion to Dismiss Amended Complaint Pursuant to Rule 12(b)(1) [Doc. 26]is **DENIED**;

(2)   The stay of discovery entered by this court in its Order dated February 28, 2022, *see* [Doc. 35], is **LIFTED**;

---

[6] Based on the court's conclusion that the FTCA preempts the Colorado statute of repose, the court does not address the Parties' arguments concerning whether any exceptions to the statute of repose apply here. *See* [Doc. 26 at 5-8; Doc. 36 at 10-12].

(3) A Telephonic Scheduling Conference is **SET** for **April 7, 2022** at **11:00 a.m.** The Parties shall participate using the following dial-in information: **888-363-4749; Access Code: 5738976#**; and

(4) The Parties shall file a proposed scheduling order and shall submit a copy of the proposed scheduling order in a Word format via email to Wang_Chambers@cod.uscourts.gov on or before **March 31, 2022**.

DATED: March 21, 2022

BY THE COURT:

_____
Nina Y. Wang
United States Magistrate Judge